IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF MICHAEL A. HILL : <br> : <br> v. :    CIVIL ACTION NO. 2:23-cv-00702 <br> : <br> SOUTHEASTERN PENNSYLVANIA : <br> TRANSPORTATION AUTHORITY : <br> : | |

**DEFENDANT, THE SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by and through its counsel, Clark Hill PLC, hereby submits its Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(6). For the reasons set forth in the accompanying Memorandum of Law, SEPTA respectfully requests that the Court grant its Motion, and dismiss Plaintiff's Complaint in its entirety, with prejudice.

**CLARK HILL PLC**

DATED: April 24, 2023

    */s/ Daniel J. McGravey*
Daniel J. McGravey, Esquire (PA 83176)
Amy C. Lachowicz, Esquire (PA 92192)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500
dmcgravey@clarkhill.com
alachowicz@clarkhill.com
*Attorneys for Defendant, SEPTA*

271393732.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF MICHAEL A. HILL : | |
| : | |
| v. : | CIVIL ACTION NO. 2:23-cv-00702 |
| : | |
| SOUTHEASTERN PENNSYLVANIA : | |
| TRANSPORTATION AUTHORITY : | |
| : | |

**DEFENDANT, THE SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"), by and through its counsel, Clark Hill PLC, hereby submits its Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(6).

**I.     PRELIMINARY STATEMENT**

Michael Hill is a former SEPTA Conductor who is now deceased. Mr. Hill's Estate ("Plaintiff") has filed a lawsuit against SEPTA under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60 - - more specifically, it appears that Plaintiff attempts to assert a negligence claim against SEPTA based on Mr. Hill's purported exposure to COVID-19 in the workplace (although, as set forth herein, Plaintiff never actually connects Mr. Hill's employment with his exposure to COVID-19). Plaintiff's Complaint is rife with threadbare and vague allegations that fail to place the Court (or SEPTA) on notice of the grounds for its claim. Indeed, Plaintiff alleges that Mr. Hill died from complications due to COVID-19, but fails to connect this event in any way to Mr. Hill's employment at SEPTA. Rather, Plaintiff vaguely asserts that Mr. Hill started to feel ill on a day that he was working as a Conductor, but fails to allege any facts regarding the circumstances of Mr. Hill's alleged exposure to COVID-19 - - such as where or how

it occurred. Plaintiff then alleges - - in a wholly conclusory manner - - that SEPTA was negligent and failed to provide a reasonably safe workplace, with no details whatsoever about how or why the workplace was unsafe, or how SEPTA's purported conduct caused Mr. Hill's death.  Certainly, these vague allegations neither meet the required pleading standards nor establish a *prima facie* claim under the FELA.  Accordingly, Plaintiff's Complaint should be dismissed.

## II.     PLAINTIFF'S ALLEGATIONS

Michael Hill is a former SEPTA Conductor who is now deceased.  Plaintiff (Mr. Hill's Estate) has filed the instant lawsuit against SEPTA pursuant to the FELA.  Plaintiff alleges that:

- Mr. Hill was a SEPTA Conductor (Complaint at ¶ 8);

- On April 2, 2020, while working as a SEPTA Conductor, Mr. Hill began to feel ill, including having trouble breathing, fatigue and stomach issues (Complaint at ¶ 9);

- On April 4, 2020, Mr. Hill went to the hospital (Complaint at ¶ 10);

- On April 5, 2020, Mr. Hill was admitted to the ICU and was placed on a ventilator the following day (Complaint at ¶¶ 11-12);

- On April 14, 2020, Mr. Hill died from complications due to COVID-19 (Complaint at ¶ 13); and,

- Mr. Hill's "injuries" were caused by SEPTA's negligence (Complaint at ¶ 14).

Notably, the Complaint is devoid of any allegations about the circumstances of Mr. Hill's exposure to COVID-19 - - such as how or where he contracted COVID.  Instead, the Complaint seems to infer that Mr. Hill was exposed to COVID-19 in the workplace and concludes - - without any supporting factual allegations - - that SEPTA failed to provide him with a reasonably safe place to work.

## III.    LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff."

2

*Lontex Corp. v. Nike, Inc.,* 384 F. Supp. 3d 546, 551 (E.D. Pa. 2019)(citing *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (alterations in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations and internal quotations omitted).

**IV.     LEGAL ARGUMENT**

Plaintiff's Complaint utterly fails to meet the legal standard for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) - - not only is the Complaint replete with unsupported and conclusory allegations, but it likewise fails to state a cognizable claim under FELA. To prevail on a claim under the FELA, a plaintiff must prove four elements: (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) the plaintiff was employed by the defendant and assigned to perform duties that furthered such commerce; (3) the injuries were sustained while the plaintiff was employed by the common carrier; and (4) the plaintiff's injuries resulted from the defendant's negligence. *Brenner v. Consol. Rail Corp.*, 806 F. Supp. 2d 786, 789-90 (E.D. Pa. 2011)(citing *Felton v. Southeastern Pa. Transp. Auth.*, 952 F.2d 59, 62 (3d Cir. 1991)). FELA is "founded on common-law concepts of negligence and injury ." *Infermo v. New Jersey Transit Rail Operations, Inc.*, No. CIV.A. 10-2498 SRC, 2012 WL 209359, at *7 (D.N.J. Jan. 24, 2012)(citations omitted). Accordingly, in order to establish a *prima facie* claim under FELA, a

3

plaintiff must prove the elements of a common law negligence action: duty, breach, foreseeability, and causation. *Id*. (citations omitted).

Plaintiff has failed to allege any facts whatsoever about how or where Mr. Hill contracted COVID-19 and, more specifically, Plaintiff fails to allege any connection between his purported exposure to COVID-19 and his job duties at SEPTA. Rather, Plaintiff asserts that Mr. Hill "felt ill" during his shift at SEPTA, and makes the wholly tenuous and speculative conclusion that Mr. Hill's illness was caused by SEPTA's negligence. Indeed, breaking the Complaint down to its most basic form, Plaintiff asserts only that Mr. Hill was a SEPTA employee and passed away from complications due to COVID-19 - - without more, these are two separate and unconnected events. There are simply no facts in the Complaint to support a claim for negligence under the FELA, and the Complaint's threadbare assertions completely fail to satisfy the legal standard for a motion to dismiss. Therefore, Plaintiff's Complaint fails as a matter of law and should be dismissed.

## V.     CONCLUSION

For the foregoing reasons, SEPTA respectfully requests that the Court grant its Motion to Dismiss, and dismiss Plaintiff's Complaint in its entirety, with prejudice.

**CLARK HILL PLC**

DATED: April 24, 2023

/s/ Daniel J. McGravey
Daniel J. McGravey, Esquire (PA 83176)
Amy C. Lachowicz, Esquire (PA 92192)
2001 Market Street, Suite 2620
Philadelphia, PA  19103
(215) 640-8500
dmcgravey@clarkhill.com
alachowicz@clarkhill.com
*Attorneys for Defendant, SEPTA*

## CERTIFICATE OF SERVICE

I, Daniel J. McGravey, Esquire, hereby certify that on April 24, 2023, the foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF LAW IN SUPPORT** was served via CM/ECF upon all counsel of record.

CLARK HILL PLC


_/s/ Daniel J. McGravey_
Daniel J. McGravey