IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF MICHAEL A. HILL<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AGENCY (SEPTA)<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:23-cv-00702 |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                               **August 3, 2023**

This matter involves a Federal Employer's Liability Act claim brought by the Estate of Michael Hill against Southeastern Pennsylvania Transportation Agency ("SEPTA"). Defendant SEPTA moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). The motion shall be denied.

**I.      SUMMARY OF AMENDED COMPLAINT**

Michael Hill, who is now deceased, was a former SEPTA conductor. Am. Compl. ¶¶ 17, 24. Plaintiff, Mr. Hill's Estate, filed an Amended Complaint against Defendant SEPTA pursuant to Federal Employer's Liability Act (FELA). As alleged by Plaintiff, the events giving rise to this case are as follows.

During January, February, March, and April of 2020, SEPTA required any of its employees exposed to COVID-19 to isolate for fourteen days before returning to work. Id. ¶ 9. Mr. Hill requested from SEPTA the names of employees who were exposed to and diagnosed with COVID-19, but SEPTA refused to provide this information. Id. ¶¶ 10-11. SEPTA neither traced exposures

1

from known diagnosed and exposed employees, nor informed its employees of actual known exposures or potential exposures.  Id. ¶¶ 12-14.  SEPTA did not provide its employees with appropriate safety measures to prevent COVID-19 exposure.  Id. ¶ 16.

On or about April 2, 2020, Mr. Hill arrived at his job as a conductor for SEPTA.  Id. ¶ 17. As the day progressed, Mr. Hill began having trouble breathing and experiencing fatigue and stomach issues.  Id. ¶ 18.  On April 4, Mr. Hill went to the hospital because he started coughing up blood and mucus.  Id. ¶ 19.  On April 5, Mr. Hill was admitted to the ICU and was placed on a ventilator on the following day.  Id. ¶¶ 20-21.  On April 14, Mr. Hill died from complications due to COVID-19.  Id. ¶ 22.  As a result of these events, Mr. Hill incurred a physical impairment that limited his mobility, daily activities, enjoyment of life, and abilities to attend to his usual duties and occupations, all of which caused substantial financial loss.  Id. ¶¶ 25-26.

In its Amended Complaint against SEPTA pursuant to FELA, Plaintiff, Mr. Hill's estate, alleges that: (1) Defendant failed to provide Mr. Hill with a safe place to work as required by FELA; (2) Defendant's conduct was unreasonable in the face of a known, foreseeable risk of COVID-19; and (3) Defendant's negligence caused in whole or in part the Plaintiff's injuries.  Id. ¶¶ 23-26.

## II. SUMMARY OF BRIEFING

### A. Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a cognizable claim under FELA because the Amended Complaint fails to allege: (1) that Plaintiff was exposed to COVID-19 during his employment at SEPTA; and (2) that Plaintiff's injuries resulted from SEPTA's negligence.  Def.'s Mot. to Dismiss (ECF 9).

### B. Plaintiff' Response

Responding to Defendant's first argument, Plaintiff argues that, in a trial, FELA only requires that "the proofs justify with reason the conclusion that employer['s] negligence played any part, even the slightest, in producing the [Plaintiff's] injury," even if "the jury may . . . attribute [the injury] to other causes." Pl.'s Resp. (ECF 11) at 2-3, citing Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 506 (1957).[1]

Responding to Defendant's second argument, Plaintiff argues that Defendant's conduct was unreasonable because Defendant did not maintain appropriate health and safety protocols in the face of a known, foreseeable risk of COVID-19 exposure. Pl.'s Resp. (ECF 11) at 1-2, citing Gallick v. Baltimore & Ohio, 372 U.S. 108, 117 (1963) (holding that "reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence").[2]

Defendant did not file a reply to Plaintiff's Response.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020). To survive this motion, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79

---

[1] While Rogers provides guidance on the elements needed for a FELA claim, the standard applied by the Court was for a Rule 50 motion for judgment as a matter of law rather than a Rule 12 motion to dismiss. 352 U.S. 500, 504 (1957) (analyzing a FELA claim pursuant to a motion for Rule 50).

[2] Like Rogers, Gallick provides guidance for a FELA claim but addresses a Rule 49 motion for special verdict, which has a different standard of review than the standard in a Rule 12 motion to dismiss. 372 U.S. 108, 109 (analyzing a FELA claim pursuant to a motion for Rule 49).

(2009) (citing Twombly, 550 U.S. at 555). A court must assume for purposes of a motion to dismiss that the plaintiff can prove the facts alleged in the complaint, but "it is not . . . proper to assume that [she] can prove facts that [she] has not alleged[.]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

IV. ANALYSIS

    A. Federal Employer's Liability Act (FELA)

Plaintiff must prove four elements under FELA:

1. The defendant is a common carrier by railroad engaged in interstate commerce;
2. The plaintiff was employed by the defendant and assigned to perform duties which furthered such commerce;
3. The plaintiff sustained the injuries while employed by the common carrier; and
4. The plaintiff's injuries resulted from the defendant's negligence.

Felton v. Southeastern Pa. Transp. Auth., 952 F.2d 59, 62 (3d Cir. 1991). For the last element, courts have considered reasonable foreseeability of harm when assessing FELA negligence. Gallick, 372 U.S. at 117.

    B. Discussion

Plaintiff has satisfied the first element because Plaintiff alleges that Defendant operates a system of railroads in Pennsylvania and nearby states. Am. Compl. ¶ 4. Plaintiff has satisfied the second element because Plaintiff alleges that Mr. Hill was employed by Defendant as a SEPTA conductor. Am. Compl. ¶¶ 4, 17.

The parties dispute whether Plaintiff has satisfied the third element. Defendant argues that Plaintiff could have been exposed to COVID-19 at any number of other places and through any number of people. Def.'s Mot. to Dismiss (ECF 9) at 5. However, taking the facts alleged in the Complaint as true, Plaintiff has alleged that Mr. Hill was exposed to COVID-19 while working for SEPTA, contracted COVID-19, and died of COVID-19. Am. Compl. ¶¶ 15-22. This allegation is

4

enough to state a plausible claim for relief, so Plaintiff has satisfied the third element of his FELA claim.

The parties also dispute whether Plaintiff has satisfied the fourth element. Defendant argues that SEPTA could not have been negligent because SEPTA's policy required employees exposed to COVID-19 to isolate for fourteen days before returning to work, so employees who had been diagnosed with COVID-19 would not have been at work for fourteen days. Def.'s Mot. to Dismiss (ECF 9) at 4. Taking the facts alleged in the Complaint as true, Plaintiff has alleged that Defendant was negligent in causing Mr. Hill's injury because Defendant did not trace exposures from known diagnosed and exposed employees, Defendant failed to ensure that personal protective equipment was available and used by employees, and the risk of COVID-19 was reasonably known and foreseeable to Defendant. Am. Compl. ¶¶ 12-16. Although Defendant makes a valid argument that may be successful in later proceedings, Plaintiff has alleged facts sufficient to establish that Mr. Hill's death was caused by SEPTA's alleged negligence, namely that SEPTA did not trace exposures from exposed employees (Am. Compl. ¶¶ 12-16) and that, without trace exposures, contagious but asymptomatic employees could still have been at work and in contact with Mr. Hill. For this reason, Plaintiff has satisfied its FELA claim.

V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**. An appropriate Order follows.